| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
|---|---|---|

**CASE NO.:** CV 13-03558 SJO (JCx)        **DATE:** June 19, 2013

**TITLE:** Vicki Myers v. Rite Aid Corporation, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Rite Aid Corporation's ("Defendant") Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b) filed on May 17, 2013.

Plaintiff Vicki Myers ("Plaintiff") filed the instant action in Los Angeles Superior Court on January 15, 2013. (Notice of Removal ("Notice") 2, ECF No. 1.) On February 21, 2013, Defendant removed the case to federal court based on diversity jurisdiction. (Notice 2.)[1] This Court remanded the case to Los Angeles Superior Court on March 11, 2013, finding that Defendant had not met its burden of showing that the amount in controversy at the time of removal exceeded the sum or value of $75,000. (Notice 2.)

The action resumed in state court where the parties conducted discovery. (Notice 4-5.) Defendant served Plaintiff with Special Interrogatories and a Request for Statement on Damages. (Notice 3.) Based on Plaintiff's response, Defendant removed the case to federal court for a second time, offering the following evidence in support of re-removal: (1) in response to Defendant's Special Interrogatories, Plaintiff confirmed that her damages exceeded $75,000 (Notice 6; Decl. of Gabrielle Handler Marks in Supp. of Def. Rite Aid's Notice Ex. 4 ("Pl.'s Interrog. Resp."), at 2, ECF No. 3.); and (2) Plaintiff stated that she lost back wages of approximately $172,563.60. (Notice 5; Pl.'s Interrog. Resp. 2.) Plaintiff also seeks general damages for emotional distress and pain and suffering in excess of $1,000,000 and punitive damages of $1,000,000. (Notice 5; Pl.'s Interrog. Resp. 4.)

Once a federal court has remanded a case to state court, that order "is not reviewable on appeal or otherwise," except for cases removed pursuant to 28 U.S.C. § 1442 or 1443. 28 U.S.C. § 1447(d). "[A] defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a *new* and *different* ground for

---

[1] The case number for the first removal is CV 13-01240 SJO (JCx). (Notice 2.)

**CASE NO.:** CV 13-03558 SJO (JCx)     **DATE:** June 19, 2013

removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (alteration in original) (internal quotations omitted). "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction." *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1998). Upon remand, the "district court . . . is divested of jurisdiction and can take no further action on the case." *Id.*

Here, Defendant's second removal is not based on new grounds; the parties and the claim remain the same. (*See generally* Notice.) Instead, Defendant is offering evidence to prove what should have been proved in the first Notice of Removal. Defendant may not re-remove this action citing the same grounds it cited when it first removed to federal court. *See Kirkbride*, 933 F.2d at 732. Because Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 in the first removal and the Court remanded the case, the Court lacks jurisdiction over this second removal.

Accordingly, the Court **REMANDS** the instant action to the Superior Court of California, County of Los Angeles. This action shall close.

IT IS SO ORDERED.

```
cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 499150
```